CLOSED

# U.S. District Court
# Eastern District of New York (Central Islip)
# CRIMINAL DOCKET FOR CASE #: 2:17-mj-01093-GRB-1
## *Internal Use Only*

Case title: USA v. Traficante

Other court case number:  17MJ 4159 USDC− Western District of New York

Date Filed: 12/20/2017

Date Terminated: 12/20/2017

---

Assigned to: Magistrate Judge
Gary R. Brown

**Defendant (1)**

**Thomas Traficante**
*TERMINATED: 12/20/2017*

represented by   **Randi L. Chavis**
Federal Defenders of New York, Inc.
770 Federal Plaza
Central Islip, NY 11722
631−712−6500
Fax: 631−712−6505
Email: randi_chavis@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18:2261.F

**Disposition**

1

**Plaintiff**

USA

represented by    **Burton T. Ryan , Jr.**
United States Attorneys Office
610 Federal Plaza
Central Islip, NY 11722
631−715−7843
Fax: 631−715−7922
Email: burton.ryan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/20/2017 | | | Arrest (Rule 40) of Thomas Traficante (McMorrow, Karen) (Entered: 12/21/2017) |
| 12/20/2017 | 1 | 4 | RULE 40 AFFIDAVIT by USA as to Thomas Traficante by Affiant BARRY COUCH (McMorrow, Karen) (Entered: 12/21/2017) |
| 12/20/2017 | 2 | | CJA 23 Financial Affidavit by Thomas Traficante (McMorrow, Karen) (Entered: 12/21/2017) |
| 12/20/2017 | | | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Thomas Traficante Randi L. Chavis for Thomas Traficante appointed.. Ordered by Magistrate Judge Gary R. Brown on 12/20/2017. (McMorrow, Karen) (Entered: 12/21/2017) |
| 12/20/2017 | 3 | 23 | WAIVER of Rule 5(c)(3) Hearing by Thomas Traficante (McMorrow, Karen) (Entered: 12/21/2017) |
| 12/20/2017 | | | Minute Entry for proceedings held before Magistrate Judge Gary R. Brown:Arraignment and Initial Appearance in Rule 5(c)(3) Proceedings as to Thomas Traficante held on 12/20/2017. APPEARANCES: Defendant present in custody with Randi Chavis (Federal Defenders) and AUSA Burton Ryan. Removal affidavit sworn to in open court. Defendant informed of his rights. Defendant waives Identification hearing and preliminary hearing. Government moves for the USMS to transport defendant to the USDC−WDNY. Defendant offers a bail package and defendant's parents are present to sign a bond. The Court enters a commitment order for the limited purpose of defendant appearing in the Western District of New York. Medical order executed. Defendant remains in USMS custody. (FTR Log #3:28−3:46; 3:48−3:50.) (McMorrow, Karen) (Entered: 12/21/2017) |
| 12/20/2017 | | | (Court only) ***Terminated defendant Thomas Traficante, pending deadlines, and motions., ***Case Terminated as to Thomas Traficante (McMorrow, Karen) (Entered: 12/21/2017) |
| 12/20/2017 | 4 | 24 | COMMITMENT TO ANOTHER DISTRICT as to Thomas Traficante. Defendant committed to District of Western District of New York.. Ordered by Magistrate Judge Gary R. Brown on 12/20/2017. (McMorrow, Karen) (Entered: 12/21/2017) |

| 12/20/2017 | 5 | | Medical Evaluation Order as to Thomas Traficante re 4 Commitment to Another District. Ordered by Magistrate Judge Gary R. Brown on 12/20/2017. (McMorrow, Karen) (Entered: 12/21/2017) |

BTR
F. #2017R0

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 2 0 2017   ★

LONG ISLAND OFFICE

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

THOMAS TRAFICANTE,

             Defendant.

REMOVAL TO THE
WESTERN DISTRICT
OF NEW YORK

M. No. _____
(Fed. R. Crim. P. 5)

MJ 17-

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        BARRY W. COUCH, being duly sworn, deposes and says

that he is a Special Agent with the Federal Bureau of

Investigations ("FBI"), duly appointed according to law and

acting as such.

        Upon information and belief, on Wednesday, December

20, 2017, the defendant THOMAS TRAFICANTE ("TRAFICANTE"), was

arrested at his home in Seaford, New York, based on a federal

arrest warrant issued on December 19, 2017 arising from charges

filed in the Western District of New York. United States v.

THOMAS TRAFICANTE, 17 MJ 4159 (WDNY). A copy of that warrant

and underlying complaint issued by Senior United States

Magistrate Judge Marian W. Payson for the arrest of the

defendant is attached.

2

1.   I am familiar with THOMAS TRAFICANTE from his New York State Department of Motor Vehicle (NYSDMV) photograph.   On Wednesday, December 20, 2017, I and other agents arrested the defendant at his home in connection with the execution of a search warrant and the attached arrest warrant.

2.   Once arrested the defendant was compared to identification papers seized, including his driver's license, which identified him as THOMAS TRAFICANTE.   I also compared the arrested person with the prior NYSDMV photograph of THOMAS TRAFICANTE and pedigree information provided by him for the USMS and Pre-Trial Services, in which he admitted his identity. Based on all of these facts, I have concluded the individual arrested is the same person sought in the arrest warrant.

WHEREFORE your deponent respectfully requests that the defendant THOMAS TRAFICANTE be removed to the Western District of New York so that he may be dealt with according to law.

_____
BARRY W. COUCH
Special Agent, FBI

Sworn to before me this
ʿʋ day of December, 2017

_____
THE HONORABLE GARY R. BROWN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 01/09) Arrest Warrant

# United States District Court
### for the
### Western District of New York
### United States of America

v.

**THOMAS TRAFICANTE**

Case No. 17-MJ-*4159*

*Defendant*

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay **THOMAS TRAFICANTE**, who is accused of an offense or violation based on the following document filed with the Court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint

☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

probable cause to believe that THOMAS TRAFICANTE, did knowingly with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that placed that person in reasonable fear of death or serious bodily injury or caused, attempted to cause, or would be reasonably expected to have caused substantial emotional distress to a person, in violation of Title 18, United States Code, Section 2261(A); did knowingly transmit in interstate or foreign commerce any communication containing any threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c); and did possess with intent to distribute and distributed cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, Section 841(a).

Date:   December 19 , 2017

*Marian W Payson*

*Issuing officer's signature*

City and State:   Rochester, New York

MARIAN W. PAYSON
United States Magistrate Judge

*Printed name and Title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____, at *(city and state)* _____. |
| Date: _____                                                                                    |
|                                              *Arresting officer's signature*                           |
|                                              *Printed name and title*                                  |

AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the

### Western District of New York

United States of America

v.

**THOMAS TRAFICANTE,**

*Defendant*

Case No. 17- *mj·4159*

## CRIMINAL COMPLAINT

I, <u>BARRY W. COUCH</u>, the complainant in this case, state that the following is true to the best of my knowledge and belief that in the Western District of New York, the defendant violated offenses described as follows:

Beginning in or about October 2017 through December 2017, in the Western District of New York and elsewhere, the defendant, **THOMAS TRAFICANTE**, did knowingly with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that placed that person in reasonable fear of death or serious bodily injury or caused, attempted to cause, or would be reasonably expected to have caused substantial emotional distress to a person, in violation of Title 18, United States Code, Section 2261(A); did knowingly transmit in interstate or foreign commerce any communication containing any threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c); and did possess with intent to distribute and distributed cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, Section 841(a).

**SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT BARRY W. COUCH, FBI.**

This Criminal Complaint is based on these facts:

☒  Continued on the attached sheet.

_____
*Complainant's signature*

<u>SA BARRY W. COUCH (FBI)</u>
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  <u>December 19, 2017</u>

_____
*Judge's signature*

City and State:  <u>Rochester, New York</u>

<u>HONORABLE MARIAN W. PAYSON</u>
<u>UNITED STATES MAGISTRATE JUDGE</u>
*Printed name and title*

*17-mg-4159*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF MONROE   )   ss:
CITY OF ROCHESTER   )

I, Barry W. Couch, having been first duly sworn, do hereby depose and state as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation, and have been so for approximately nine years.   I am currently assigned to investigations involving computer related crimes, as well as other criminal investigations.

2.      This affidavit is submitted for the limited purpose of establishing probable cause to believe that THOMAS TRAFICANTE, born xx/xx/1994, did knowingly with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that placed that person in reasonable fear of death or serious bodily injury or caused, attempted to cause, or would be reasonably expected to have caused substantial emotional distress to a person, in violation of Title 18, United States Code, Section 2261(A); did knowingly transmit in interstate or foreign commerce any communication containing any threat to injure the person of another, in violation of Title 18, United States Code,

1

Section 875(c); and did possess with intent to distribute and distributed cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, Section 841(a).

3.      The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and the review of documents and records.   Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation.   I have set forth only the facts that I believe are necessary to establish probable cause that THOMAS TRAFICANTE did knowingly violate Title 18, United States Code, Sections 2261(A) and 875(c).

4.      On October 31, 2017, a certain university in the Western District of New York received an anonymous complaint from someone using the email account "anonymous (university name)@protonmail.com". The complainant stated he was aware that a certain student (VICTIM) at the university was purchasing illegal drugs believed to be cocaine through the internet and having them shipped soon to the VICTIM to the VICTIM's university mail box.   The university was on alert for a possible shipment of illegal drugs to the VICTIM's mail box.   On November 2, 2017, university staff observed a package delivered to the VICTIM's mail box and alerted the university police. University police and the local County Sheriff's Office inspected the package, delivered through the United States Postal Service, and determined it contained 1.4 grams of cocaine. University police interviewed the VICTIM and she denied knowledge of the cocaine being mailed. With consent from the VICTIM, university police searched the VICTIM's residential room and

2

found no evidence of cocaine or cocaine paraphernalia. When questioned, the VICTIM stated she had recently broken up with her boyfriend, THOMAS TRAFICANTE, and the break-up was not amicable. The VICTIM stated TRAFICANTE had hacked her social media accounts in the past and was controlling. The VICTIM said she had changed all her passwords to her online accounts because of fear of retribution from TRAFICANTE. The VICTIM stated TRAFICANTE was the only person other than her family members that knew what her university mailing address was, as he had sent her multiple boxes of flowers and small gifts.

5. The VICTIM explained how she had met TRAFICANTE on an online dating application in May of 2017. She said TRAFICANTE lived in Seaford, New York, which is close to the town the VICTIM resides at with her family when not attending the university. The VICTIM dated TRAFICANTE throughout the Summer months, and stated in July he took her to a shooting range, as he has a rifle. The VICTIM said that TRAFICANTE had shared with her that he had done some bad things in order to get even with people. The VICTIM provided a copy of a texting conversation between herself and TRAFICANTE while they were dating where TRAFICANTE confided in the VICTIM and said he had posted someone's information on a prostitution site and that person received many phone calls and texts from random males looking for a "hooker". TRAFICANTE follows up in the texting conversation with "Wellllll it won't happen UNLESS you do some shit that I strongly disagree with And you'd probably be harder to manipulate than most people but it probably wouldn't be TOO difficult.", soon followed by, "Well you wouldn't be able to tell

3

if I was manipulating you That's the point of manipulation It's secretly getting someone to do something you want them to do".

6.     The texting conversation provided by the victim also had TRAFICANTE confiding to the VICTIM he had used drugs stating, "To me, acid helped pull me out of the worst time of my like emotionally. After it helped, I kept doing it and it started doing bad things to me. So I stopped. It can be good, it can be bad life* Yeah I'm way different after doing different psychedelic drugs.", soon followed by, "I explored many different drugs, mostly in search of happiness. Didn't find it anywhere. Got myself to the edge of being addicted to cocaine. Definitely don't wanna go back and do that Cocaine "hangovers" (AKA withdrawals) come with the WORST depression you've ever felt in your entire life".

7.     The VICTIM stated that at the end of July 2017, she noticed her Snapchat (Internet based application) was being logged out. She said Snapchat only works on one device at a time, so if someone logs into her account on another phone, it logs out the account on her phone. The VICTIM said at the beginning of August 2017, she was texting TRAFICANTE and he was "ranting" to her about his ideas and opinions of birth control. The VICTIM said she did not agree with what he was saying, screenshotted some of his text messages, and sent them to her four best friends on GroupMe (an internet based phone application allowing messaging to a group). Later that evening, TRAFICANTE texted her, "(VICTIM's name) ya know I've been thinking, and don't take this the wrong way: based on how I know you are so far, I have an unbelievably strong feeling that you were either talking behind my back or sending screenshots (or both) to your friends during our discussion

4

yesterday. I'm concluding this based off of the fact that you've done this to other people (sending screenshots to me), and the fact that you were clearly bothered by me yesterday." The VICTIM stated that near the end of August 2017, she got a message on her phone saying there was suspicious activity from Los Angeles. She said she took a screen shot of the message, sent it to TRAFICANTE, and asked him if he knew anything about it. The VICTIM provided the text messages where she told TRAFICANTE someone tried signing into one of her accounts from Los Angeles. TRAFICANTE responded, "Hahahahaha GOOD! Remember when you said you wanted me to test you and try to hack into your account? Like in early July!?* I didn't forget So I figured I have extra time rn, might as well test her You passed!" The VICTIM responded, "You're not in Los Angeles", to which TRAFICANTE responded, "I used a VPN". The VICTIM said at the beginning of September 2017, she had notes on her cell phone that listed guys she had kissed. In a phone conversation with TRAFICANTE, he brought the list up to the VICTIM and told her some of the guys on the list, saying he guessed them. The VICTIM provided text messages from later in September between herself and TRAFICANTE where TRAFICANTE tries to convince her to give him her email account password, and other messages about stalking her and gathering data on her. TRAFICANTE states, "So I assume you'd be upset if I happened to gain access to something that belongs to you, correct? Lmao". The VICTIM soon states, "I'm not giving you my passwords". TRAFICANTE responds, "I would be able to get in without, but youd very clearly know that I got in", soon followed by, "I just obsess over things that I get stuck in my head. I get anxious over it ya know?", and then, "Alright pulling the trigger on this", and then, "Pulling the trigger on something means you're going to go through with it". The VICTIM responds, "What are you going through will".

5

TRAFICANTE responds, "The severe stalking Or really not stalking but ya know But it was a joke obviously", soon followed by, "It's not actually stalking, it'd be 10 min of gathering simple data..stalking was the wrong word to use. And it's not that I want to do it, it's the only way I know of to settle my mind so I know firsthand what is and is not the truth." TRAFICANTE soon states that when he is not able to prove something it causes "friction" in his brain. TRAFICANTE then states, "When I get this "friction" the only way to fix it, really, is to be able to prove or disprove whatever it is", soon followed by, "Basically, not super hard, I could prob get into your email without knowing your password (but you'd have to change it afterwards bc it requires me to change it in the first place). Then, all I'd have to look for are emails from like venom or like WhatsApp or groupme or Facebook or literally anything that would prove or disprove my theory. Within 10 min max my mind would be settled lol. However, I understand why that is a no-no and why you wouldn't want me to do that. It's an invasion of privacy and it is what it is". The VICTIM said in October 2017, TRAFICANTE admitted to hacking in the past where he states in a text message she provided, "Maybe I shouldn't have told you that I used to hack and still have some knowledge on it...I did it for money (and a few favors that I can recall)." Later in October, the VICTIM said TRAFICANTE screenshot her physical location, sent it to her, and questioned where she was.

8.     The VICTIM stated that on October 26, 2017, she broke up with TRAFICANTE, and on October 30, 2017, TRAFICANTE tried to get back together with the VICTIM but she refused. The VICTIM provided copies of the text messages between herself and TRAFICANTE that reflect this. At one point, TRAFICANTE states, "if you

6

wind up dropping out, changing to an easier major that you can deal with, or transferring somewhere closer-would you consider?" The VICTIM responds, "Yes sure But I'm not doing that But sure". TRAFICANTE responds with, "You wouldn't? What happens if you have no choice?"

9.      The VICTIM stated that on October 31, 2017, TRAFICANTE texted (the VICTIM provided a copy of the text message), "My mom just woke me up bc she was in my room snooping around (bc she's concerned about me i guess) and she found my BB gun and FLIPPED because she thought it was a real gun and I guess thought I was gonna try to kill myself (even though she knows about my actual real gun)".

10.     The VICTIM said on November 1, 2017, she was logged out of her Snapchat account. She asked her roommate to see where Snapchat showed her being physically located. The roommate checked and it showed the VICTIM as being in Wantagh Long Island at a Starbucks. The VICTIM's roommate confirmed to university police this occurrence and stated the VICTIM was physically sitting next to her there at their university residence at the time. The VICTIM said she was aware, due to them dating, of TRAFICANTE always going to that Starbucks. The VICTIM provided the Snapchat location screenshots. The VICTIM confronted TRAFICANTE over text messaging and told him to stop and that she did not want to talk to him anymore. The VICTIM then told TRAFICANTE she was blocking him on all her accounts except text and if he continued talking to her, she would block his number from texting too.

11.     On November 8, 2017, university staff observed the VICTIM received another suspicious looking package in the mail and notified university police. University police and the New York State Police inspected the package and determined it contained the drug MDMA, a methamphetamine. The VICTIM stated she was not expecting a package and suspected TRAFICANTE of sending it, that he had sent her that message asking her if anything happened at school that would make her come back home if she would date him again.

12.     On November 10, 2017, the university police were notified by several members of the sorority the VICTIM is a member of, of a suspicious text message they received, that read, "its not safe out there tonight (name of sorority)". The text message came from phone number 585-376-1093. On November 11, 2017, the university police were notified of another text message sent to the students from the same phone number that read, "glad you all mostly took my advice last night. but moving it forward one night doesn't make (name of sorority) or their dates any safer. i mean no harm, im not the threat, but harm is coming." University police determined through an open internet lookup that the phone number appeared to be a "Pinger/Bandwidth.com" phone number, one that was not a cellular phone number but one generated by an online service. Several of the students expressed being scared and afraid due to the text messages and that it was disturbing their daily lives and studies.

13.     On November 16, 2017, the VICTIM reported she believed TRAFICANTE had posted her contact information on a prostitution website. The VICTIM explained since

8

5:35 AM that morning she had received approximately sixty calls, texts and Facetime calls from random numbers all wanting to have sex with her. The VICTIM believed TRAFICANTE was responsible due to what he had told her about doing something similar to another person in the past. University police located a prostitution advertisement on Backpage.com listing the VICTIM's contact phone number. That same day, the VICTIM notified university police of another advertisement for her on companionreviews.com. In a subpoena return, Backpage.com provided the information on the Backpage.com prostitution advertisement of the VICTIM that the individual posting the advertisement used the email account "k(VICTIM name)exo@protonmail.com".

14.   On November 17, 2017, another student reported to university police he had a telephone conversation with the person who had left the threatening texts. The student said the person seemed to be using a voice changer application. The student reported the person said he did not necessarily want to do what he was doing, but "his brain was telling him to". The student said the person told him he had been "wronged" by members in the Greek community and that he needs revenge. The student reported the person told him he had divorced parents, deals with anxiety, has a trust issue, and has an ex-girlfriend in the Greek community. The student said the person told him the person's ex-girlfriend is in the first sorority that he threatened. The person claimed to want to inflict mental and emotional harm. The person told the student he knew he was not acting rationally and that he was prescribed Xanax. The student said the person talked a lot about his brain. On November 17, 2017, another student received a text message from the same number that read, "im excited for the wedding" and "hope you don't wear anything that can stain". On November

9

17, 2017, another student reported communicating with the same number the messages were coming from via text where the person threatened to do "something" that coming Saturday, that his plans were "years in the making" and that he sought out help but his mindset cannot be changed.

15.    On November 18, 2017, another student had a texting conversation with the person using the suspect phone number. The person stated, "i mentioned that a possible outcome of my actions could be death. its in the hands of each individual really to determine. what if that means death by cop? not follow police orders and getting shot?", soon followed by, "my goal is to create the most amount of turmoil and pain within greek life at (name of school)", then, "there are various people among different orgs who have hurt me. my plan is to hurt them.", then, "the only thing that helps is revenge. or at least the feeling of satisfaction that it brings me.", then, "but I break sometimes. this is my worst break.", then, "i have caused property damage. mostly that. directed at the people who i feel broke me", and then, "i certainly have feelings that make me want to cause harm to myself or others."

16.    On November 19, 2017, the VICTIM gave a statement to university police that she has told her ex-boyfriend, TRAFICANTE, several times to not contact her anymore, but that he has continued to text her on November 4th, November 11th, and November 16th and she did not respond. The VICTIM stated she was going home to the Long Island area and she was scared TRAFICANTE would try to contact her.

17.     On November 20, 2017, the university police were notified of another text message sent from the same suspect number that read, "i gave you a present tonight along with a few others. some whose numbers  i dont even have. soon will be the ones who live closer to the school. hope you are enjoying your break as much as i am."

18.     On November 20, 2017, university staff observed the VICTIM received another suspicious looking package in the mail and notified university police. University police and the New York State Police inspected the package and determined it contained cocaine.

19.     On November 20, 2017, the VICTIM's stepfather reported to Nassau County Police Department that he observed the driver's side front window of the VICTIM's vehicle being broken. The VICTIM's vehicle was at her parents' home because the VICTIM's mother had flown to see the VICTIM at the university due to the stalking activity the VICTIM was experiencing, and the mother had chosen to drive the VICTIM's vehicle back to their family residence rather than fly. The VICTIM's stepfather then observed a hole in the front window of the family residence consistent with that of being caused by a BB gun and a small gold BB gun pellet resting on the windowsill. He had last seen his vehicle the previous evening at approximately 8:00 PM without any damage, and then observed the damage that morning at approximately 7:15 AM. The VICTIM's stepfather made Nassau County Police aware of the situation occurring with the VICTIM at the university. Later that evening, the VICTIM's stepfather reported to Nassau County Police he observed video surveillance footage from a neighbor's residence that showed a small sedan drive by his

11

residence at 3:35 AM that morning and that the vehicle fit the description of TRAFICANTE's vehicle. Nassau County Police observed the video and did agree that the vehicle fit the description of TRAFICANTE's vehicle, a 2016 Black Mazda 3 four-door sedan.

20.    On November 21, 2017, Nassau County Police interviewed TRAFICANTE at his 3911 Arthur Ave N, Seaford, New York 11783 residence and he denied involvement in the broken windows at the VICTIM's residence and the threatening messages through any websites. TRAFICANTE shared with the police he was seeing a therapist due to the break up with the VICTIM. Nassau County police advised TRAFICANTE to not contact the VICTIM in any way.

21.    On November 25, 2017, the student referenced above in paragraph 16 above reported to university police he received the following text message from the same suspect number: "notify who ever you need to. i am done. i took time to think about everything you said to me. you helped. thank you. i hope you had a great thanksgiving. i am thankful for you and your help. i am sorry to you and to every one affected. i will live with this guilt for a while but im moving forward and bettering myself. i hope to cross paths with you at school some time. if not..have a wonderful life".

22.    On December 2, 2017, the VICTIM, and several other students, received a text message from the same suspect number that stated, "youre all crazy if you think im not

12

still out there". The VICTIM received this message on a new phone of hers with a newly established phone number.

23.    On December 2, 2017, university police were notified of a voicemail received by the sorority members that stated, "I'm in the house". Local police searched the sorority members' house and reported the sorority members were extremely concerned and scared for their safety.

24.    On December 5, 2017, some of the students reported to university police they believed they found the connection between the different members that had received the text messages. They reported the sorority uses the "Group Me" application to ensure all members have a safe ride home on the weekends. It was realized that all of the girls that had posted their numbers to this application had received the text messages. They said someone would have to be able to log in to the application account to gain access to the posted numbers.

25.    On December 5, 2017, the VICTIM reported to university police she had been experiencing suspicious activity on a website she uses to take chemistry tests. She noticed that quizzes she needed to take had been submitted as completed before she had taken them resulting in zeros. She originally thought it was a problem with the website but then the email address used to log in was changed.

13

26.    On December 1, 2017, university police received a subpoena response from Pinger regarding available data on the 585-376-1093 number. Pinger revealed the number was established on November 10, 2017, from IP address 96.250.16.165. Pinger provided IP logs showing the 96.250.16.165 IP address was also utilized by the number on November 11, 2017. The IP logs also revealed the number utilized another IP address on November 11, 2017, that according to the American Registry for Internet Numbers, appears to resolve back to a certain Starbucks in Melville, New York.  Melville, New York, is approximately 15 miles from Seaford, New York.

27.    On December 12, 2017, university police received a subpoena response from Verizon revealing that IP address 96.250.16.165 was assigned to 3911 Arthur Ave N Seaford, New York 11783 on November 10, 2017, at the time the 585-376-1093 Pinger number was created.

28.    On December 13, 2017, the VICTIM's mother reported to the university police that the VICTIM had received a package at their family residence. The package contained a book titled, "I AM WATCHING YOU". The book apparently is a recently released fiction novel that has stalking and the sending of threatening letters in its storyline. The book was shipped from Amazon and was purchased through the VICTIM's Amazon account she has not used in several years.

29.    On December 15, 2017, the VICTIM received a mailed package at the university containing 3.5 grams of marijuana.

Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that THOMAS TRAFICANTE has violated Title 18, United States Code, Sections 2261(A) and 875(c); and Title 21, United States Code, Section 841(a).

BARRY W. COUCH, Special Agent
Federal Bureau of Investigation

Sworn to before me this
19 day of December 2017.

HON. MARIAN W. PAYSON
United States Magistrate Judge

15

AO 466A (Rev. 12/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
### *Eastern* District of *New York*

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| *Thomas Traficante* | ) Case No. *17 mj 1093* |
| Defendant | ) Charging District's Case No. *17 mj 4159* |

### WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* *Western*
*District of New York - USDC*

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☑ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: *12-20-17*

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

23

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

*Eastern* District of *New York*

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. *17mj 1093* |
| *Thomas Traficante* | ) | |
| Defendant | ) | Charging District's Case No. _____ |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the *Western* District of *New York*,

*(if applicable)* _____ division. The defendant may need an interpreter for this language:

*N/A* .

The defendant:  ☐ will retain an attorney.

☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: *12/20/17.*

_____
*Judge's signature*

*Gary R. Brown   USMJ*
*Printed name and title*

24