IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                    18-CR-6034 DGL

THOMAS TRAFICANTE,

Defendant.

_____

## PLEA AGREEMENT

The defendant, THOMAS TRAFICANTE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a two-count Information charging;

a.    in Count 1, a violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5) (cyberstalking) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of 3 years;

b.    in Count 2, a violation of Title 21, United States Code, Section 841(a)(1) (distribution of a controlled substance) for which the maximum

possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, or both, a mandatory $100 special assessment and a term of supervised release of at least 3 years and up to life; and

      c.     The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.  ELEMENTS AND FACTUAL BASIS

3.     The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

## Count 1 - 18 U.S.C. § 2261A(2)(B)

(1)    The defendant used any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct;

(2)    The defendant engaged in a course of conduct with intent to injure, harass or cause substantial emotional distress to another person; and

(3)    That the course of conduct caused, attempted to cause, or would be reasonably expected to cause, substantial emotional distress to the person.

## Count 2 - 21 U.S.C. § 841(a)(1)

(1)    That the defendant possessed a controlled substance;

(2)    That the defendant knew he possessed a controlled substance; and

(3)    That the defendant intended to distribute the controlled substance.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

a.    Between October 2017 and December 2017, THOMAS TRAFICANTE used direct, indirect, and digital surveillance to engage in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to the VICTIM. TRAFICANTE used computers, the internet and other digital devices in interstate and foreign commerce, from his home and other locations to engage in this conduct that affected the VICTIM who was located in the Western District of New York;

b.    TRAFICANTE sent numerous threatening text messages to the VICTIM and her classmates and her housemates at the VICTIM'S college, stating, "its not safe out there tonight", and "there are various people among different orgs who have hurt me. My plan is to hurt them", "the only thing that helps is revenge". TRAFICANTE also sent the VICTIM'S housemates numerous threatening voicemails including one with a voice disguising device that stated, "I'm in the house". The VICTIM changed her telephone number in order to avoid

3

TRAFICANTE but he contacted her new telephone and her housemates, stating, "your all crazy if you think I'm not still out there";

c.      TRAFICANTE falsified a prostitution advertisement on Backpage.com, posing as her and providing her telephone number. The VICTIM received over sixty telephone calls from men seeking sexual encounters with her;

d.      TRAFICANTE further made unauthorized entry into the VICTIM'S email accounts, social media accounts, her cellular telephone and her college account involving grades, tests and assignments. TRAFICANTE sent the VICTIM a screenshot of her physical location and asked where she was.   As a result, the VICTIM was caused emotional distress.   TRAFICANTE also hacked the VICTIM's amazon account and purchased a book about stalking, titled "I'm Watching You" from the VICTIM's own account and sent it to her;

e.      In November 2017, TRAFICANTE used a BB gun to shoot out the window of the VICTIM's parents' vehicle as it was parked outside of their home as well as a window in their house;

f.      In November 2017, TRAFICANTE distributed controlled substances to the VICTIM's mailbox located at the college she attended without her knowledge in order to harass her and cause her emotional distress.   On November 2, 2017, TRAFICANTE sent 1.4 grams of cocaine, a Schedule II controlled substance, to the VICTIM'S college mailbox. He anonymously contacted university police and advised them a package containing cocaine was being mailed to the VICTIM.   On November 8, 2017, TRAFICANTE mailed the VICTIM a package containing a substance determined to contain MDMA, a Schedule I controlled substance.   On November 20, 2017, TRAFICANTE mailed the VICTIM another package containing a small amount of cocaine, a Schedule II controlled substance; and

g.      The investigation identified another victim who TRAFICANTE also subjected to similar digital harassment in 2014-2015 prior to harassing the VICTIM.

4

## III.   SENTENCING GUIDELINES

5.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.      The government and the defendant agree that Guidelines §§ 2A6.2(a) and 3D1.2(b) apply to the offenses of conviction and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.      The government and the defendant agree that the following specific offense characteristic does apply:

   a.      the **four-level** increase pursuant to Guidelines §§ 2A6.2(b)(1)(D) and
           2A6.2(b)(1)(E) [use of a dangerous weapon and pattern of activity
           involving stalking, threatening, harassing, the same victim].

## ADJUSTED OFFENSE LEVEL

8.      Based on the foregoing and Guidelines §3D1.2(b) it is the understanding of the government and the defendant that the combined adjusted offense level for the offenses of conviction is **22**.

## ACCEPTANCE OF RESPONSIBILITY

9.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a **total offense level of 19**.

## CRIMINAL HISTORY CATEGORY

10.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.   The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.   The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.     It is the understanding of the government and the defendant that, with a total offense level of 19 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **30 to 37 months**, a fine of $10,000 to $100,000, and a period of supervised release of 1 to 3 years.   Notwithstanding this, the defendant understands that at

6

sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV.  STATUTE OF LIMITATIONS

14.     In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time-barred as of the date of this agreement.   This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty pleas or vacating of

the convictions becomes final.

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

15.     The defendant understands that the government has reserved the right to:

a.     provide to the Probation Office and the Court all the information and
evidence in its possession that the government deems relevant
concerning the defendant's background, character and involvement in
the offense charged, the circumstances surrounding the charge and the
defendant's criminal history;

b.     respond at sentencing to any statements made by the defendant or on
the defendant's behalf that are inconsistent with the information and
evidence available to the government;

c.     advocate for a specific sentence consistent with the terms of this
agreement including the amount of restitution and/or a fine and the
method of payment; and

d.     modify its position with respect to any sentencing recommendation or
sentencing factor under the Guidelines including criminal history
category, in the event that subsequent to this agreement the government
receives previously unknown information, including conduct and
statements by the defendant subsequent to this agreement, regarding the
recommendation or factor.

16.     At sentencing, the government will move to dismiss the criminal complaint

under case number 17-MJ-4159 in this action.

17.     The defendant agrees that any financial records and information provided by

the defendant to the Probation Office, before or after sentencing, may be disclosed to the

United States Attorney's Office for use in the collection of any unpaid financial obligation.

8

## VI.  APPEAL RIGHTS

18.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.   The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence.   In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19.    The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future, the defendant becomes aware of previously unknown facts, or a change in the law, which the defendant believes would justify a decrease in the defendant's sentence.

20.    The government waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence.   However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

9

## VII.   TOTAL AGREEMENT AND AFFIRMATIONS

21.    This plea agreement represents the total agreement between the defendant, THOMAS TRAFICANTE, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:    _____

MELISSA MARANGOLA
Assistant United States Attorney
U.S. Attorney's Office
100 State Street, Room 500
Rochester, New York 14614

Dated March 22, 2018

10

## ACKNOWLEDGMENT

I have read this agreement, which consists of 11 pages.   I have had a full opportunity to discuss this agreement with my attorney, Raymond Perini, Esq.   I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.


THOMAS TRAFICANTE                                  RAYMOND PERINI, ESQ.
Defendant                                                      Attorney for the Defendant

Dated: March 22, 2018                              Dated: March 22, 2018

11