IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                      18-CR-6034-DGL

THOMAS TRAFFICANTE,

      Defendant.

## STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Pre-Sentence Investigation Report ("PSR") submitted by the United States Probation Department on or about May 15, 2018. The calculations set forth in the PSR are identical to those contained in the plea agreement. Therefore, the government has no objections to the PSR and adopts the findings set forth in the PSR in their entirety.

On January 30, 2018, the defendant entered pleas of guilty to Title 18, United States Code, Section 18 USC 2261(A)(2)(B) (Cyberstalking) and Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C) (Distribution of Controlled Substances). Based upon the plea to Cyberstalking, the defendant faces a maximum sentence of five (5) years imprisonment, a maximum fine of $250,000, a mandatory $100 special assessment and a period of supervised release of 1-3 years. Based on the plea to Distribution of a Controlled Substance, the defendant faces a maximum sentence of twenty (20) imprisonment, a maximum fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of three

(3) years to life.

Pursuant to the plea agreement, the parties agreed that the recommended sentencing range is 30 months to 37 months. The parties however, reserved the right to request a non-guidelines sentence and present to the court all information believed to be relevant and necessary in determining an appropriate sentence in this case.

The government believes that at a minimum a guideline sentence is appropriate in this case. The defendant should have a significant period of incarceration to deter similar conduct in the future.

The defendant's conduct in this case is egregious. The term, "cyberstalking" does not adequately describe the torment he caused the victim in this case. The defendant engaged in a campaign of terror, including stalking, harassing and attempting to damage the victim's life over a period of several months. More troubling than the mere fact that the defendant invaded the victim's privacy by gaining access to her email accounts, social media accounts and cellular telephone information, is that he used this information to terrorize the victim, her friends and family.

For instance, the defendant attempted to have the victim expelled from SUNY Geneseo after she ended their romantic relationship. He did so by sending anonymous tips to campus security stating that the victim was having controlled substances sent to her mailbox including cocaine (a Schedule II controlled substance), MDMA (a Schedule I

controlled substance) and marijuana (a Schedule I controlled substance). In reality, the defendant mailed the controlled substances without the victim's knowledge then attempted to frame her for his illegal conduct.

He also sent threatening messages to the victim and her college housemates, telling them, "harm is coming" to their college campus and warning them that "it's not safe out there tonight". He also referenced that a possible outcome of his "actions could be death, and that it's in the hands of each individual really to determine", followed by a warning that his "goal was to create the most amount of turmoil and pain within Greek life" at SUNY Geneseo. The victim and several of her housemates were terrified because of these threats. Parents of students affected by the defendant's threats drove and picked their children up from SUNY Geneseo to ensure their safety.

The defendant then turned his anger and harassment to the victim's parents by shooting their residence window and their vehicle window with a BB Gun one evening while they were in the home. Fortunately, no one was injured as a result of this conduct. Law enforcement actually interviewed the defendant regarding this shooting, which he originally denied any knowledge of. Even law enforcement's questioning failed to deter the defendant as he continued to send threatening messages to students at Geneseo, saying, "you're crazy if you think I'm not still out there" and "I'm in the house", which prompted law enforcement to search the victim's residence for an intruder.

On December 20, 2017, the defendant was arrested at his residence and law enforcement found two rifles and ammunition in his bedroom, a fact that is incredibly troubling given his series of threats to the campus of SUNY Geneseo.

Thankfully, no one was physically harmed by the defendant, but the fear he instilled in the victim and her college campus cannot be underestimated.   No student should have to be worried for their safety while they are attending school.   Similarly, no parent should have to worry that their child's safety is in jeopardy while they are away at college.   The defendant needs to be held accountable for the emotional damage he inflicted on many people over an extended period of time.   Accordingly, the government is requesting a sentence at least in the guideline range or greater if the court finds that appropriate.

As of the time of this filing, the victim in this case is not requesting restitution.   The government has no additional requests for restitution from other students or family members.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

>   Asset Forfeiture/Financial Litigation Unit
>   U.S. Attorney's Office--WDNY
>   138 Delaware Avenue
>   Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED:	May 29, 2018

>	Respectfully submitted,
>
>	JAMES P. KENNEDY, JR.
>	United States Attorney
>	Western District of New York
>
>
>	By:	s/Melissa M. Marangola
>		Melissa M. Marangola
>		Assistant U.S. Attorney
>		United States Attorney's Office
>		100 State Street, Room 500
>		Rochester, New York 14614
>		585-399-3925

TO:	Hon. David G. Larimer
	Raymond G. Perini, Esq.
	Jennifer Fish, USPO (via hand delivery)