UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                  v.

THOMAS TRAFICANTE,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

18-CR-6034L

Defendant Thomas Traficante ("Traficante") was convicted by plea of cyberstalking and a narcotics offense. On June 20, 2018, he was sentenced principally to 48 months incarceration. He is now serving that sentence at the Fort Dix Federal Correctional Institution. Defendant appealed that sentence and judgment and the case is pending before the United States Court of Appeals for the Second Circuit.

Traficante, by counsel, filed a motion (Dkt. #45) seeking compassionate release from imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). He also filed a supplemental letter (Dkt. #55). The basis for the motion is the public health crisis involving the COVID-19 virus. The Government filed its initial Response to the motion (Dkt. #46) and later filed a subsequent Response (Dkt. #51). The Probation Office filed a Report (Dkt. #53) on Traficante's status at the Fort Dix facility.

Because the case is on appeal, this Court lacked jurisdiction to entertain the motion in the first instance. This Court entered an indicative ruling, pursuant to Fed. R. Crim. P. 37(a)(3) on April 23, 2020. By Order entered May 22, 2020, the Second Circuit remanded this case to this Court to rule on the pending motion.

The principal basis for Traficante's motion is that he suffers from a heart condition, Ventricular Septal Defect (VSD).  Both the motion and the original Presentence Report (Dkt. #25, ¶ 100) describe the defect as a hole in the wall separating chambers of the heart.  In his motion, Traficante claims that this preexisting condition makes him more susceptible to contracting the COVID-19 virus and to face more significant symptoms if infected.

The defendant has the burden under 18 U.S.C. § 3582(c)(1)(A) to show that there are "extraordinary and compelling reasons" to modify and reduce the originally-imposed sentence.  After considering all the materials submitted, I believe the defendant has failed to meet that burden and the motion should be denied.

Defendant does have a heart condition, which he has had since birth.  The original Presentence Report at ¶ 100 describes the condition and notes that Traficante stated that "he used to take daily medication; however, his condition is well regulated and he no longer requires medication."  That suggests that the birth defect has been well regulated over time with medication and it does not appear that Traficante is taking any steps at this time relative to that birth defect.  Furthermore, in its Report, the Probation Office noted the same fact, that is, this birth defect was well regulated and no longer requires any medication.  Furthermore, Probation noted that the defendant's last visit to a cardiologist was seven years ago, when Traficante was 18 years of age.  Although Traficante is receiving medication at the facility, none if it appears related to the birth defect.

In addition, Traficante is a younger person – age 25 – and is not vulnerable on the basis of his age.  He has no other medical conditions that make him especially prone to contracting the virus.

At Fort Dix, the defendant is classified as a "Medical Care Level 2," the second lowest level. According to the Probation Report, such inmates are considered stable requiring only quarterly medical evaluation.

The defendant is scheduled for release in May 2021 and could be released to a halfway house facility earlier.

## CONCLUSION

Defendant Thomas Traficante's motion for compassionate release (Dkt. #45) pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 2, 2020.